IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| *Plaintiff* | ) ) ) No. |
| *v.* | ) ) ) |
| NEUMA, INC.; SLSF ESCROW SERVICES, LLC.; TRUSTEE, TRUST NO. 2128 DATED 10-1-97; COMERICA BANK - ILLINOIS, now known as BANK OF AMERICA, AS TRUSTEE UTA DATED 9-14-93; CHARLES KAMPMANN; and SHIRLEE KAMPMANN, | ) ) ) ) ) ) ) ) |
| *Defendants* | ) ) |

## COMPLAINT FOR INTERPLEADER

Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Warren von Schleicher and Jacqueline J. Herring of Smith, von Schleicher & Associates, submits its Complaint for Interpleader, pursuant to Fed. R. Civ. P. 22 and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA").

### NATURE OF THE ACTION

1. David C. Kampmann, a former employee of Goldman, Sachs & Co., was a participant in the Goldman, Sachs & Co. Basic Life Insurance Plan ("Plan"), an ERISA-regulated employee welfare benefit plan sponsored by Goldman, Sachs & Co. and funded by a group life insurance policy issued by MetLife. MetLife requests that the Court enter an order authorizing MetLife to deposit with the Clerk of the Court, or other Court ordered escrow representative, the

Plan benefits which are payable under the Plan by reason of the death of the insured, David Kampmann.

## PARTIES

2. MetLife, at all relevant times hereinafter mentioned, is an insurance company organized and existing under the laws of the State of New York, with its principal place of business located in New York, New York. MetLife, therefore, is a citizen of the State of New York pursuant to 28 U.S.C. §1332 and is duly authorized to conduct the business of insurance in Illinois.

3. Upon information and belief, Neuma, Inc. ("Neuma"), is an Illinois corporation with its principal place of business located at 4709 West Golf Road, Suite 525, Skokie, Illinois 60076, and is a citizen of the State of Illinois.

4. Upon information and belief, SLSF Escrow Services, LLC ("SLSF Escrow Services") is an Illinois Limited Liability Company, with its principal place of business located at 8707 Skokie Blvd. Suite 400, Skokie, Illinois 60077, and is a citizen of the State of Illinois.

5. Upon information and belief, Trust 2128 Dated 10-1-97 ("Trust 2128") was a trust or account serviced by Larry Silver, as either Trustee or Escrow Agent. Upon information and belief, Larry Silver predeceased David Kampmann. MetLife lacks knowledge or information as to whether Trust 2128 is a valid Trust entity, and if a valid Trust entity, whether a successor trustee was named for Trust 2128.

6. Upon information and belief, "Comerica Bank – Illinois UTA Dated 9-14-93" was named by Neuma as the beneficiary of Neuma's claimed interest in David Kampmann's life insurance coverage under the Plan, pursuant to an Absolute Assignment to Trustee and

Designation of Trustee as Beneficiary. Upon information and belief, Comerica Bank – Illinois was acquired by LaSalle Bank, N.A., which was acquired by Bank of America Corporation in October 2007, and adopted the name "Bank of America" in May 2008. Bank of America is a Delaware corporation with its principal place of business in Charlotte, North Carolina, and is a citizen of the State of North Carolina and the State of Delaware.

7. Upon information and belief, Charles Kampmann and Shirlee Kampmann reside and are located in the State of Oregon, and are citizens of the State of Oregon. Charles Kampmann and Shirlee Kampmann are the surviving parents of David Kampmann.

## JURISDICTION AND VENUE

8. The Court has original jurisdiction over this action pursuant to 29 U.S.C. §1132(e) and 28 U.S.C. §1331, because the action arises under ERISA. This Court also has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. §1332 as it is a civil action between parties of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, and pursuant to 28 U.S.C. §1335 as two or more adverse claimants are of diverse citizenship under 28 U.S.C. §1332 and may make claim to $500 or more with respect to life insurance proceeds.

9. Venue is proper in the Northern District of District of Illinois pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred in this district, and pursuant to 28 U.S.C. §1397 and 29 U.S.C. §1132(e)(2) because one or more of the defendants resides or may be found in this district.

## CLAIM FOR RELIEF IN INTERPLEADER

10. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

11. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. §1002(8).

12. The Certificate of Insurance under the Plan (Group Policy No. 34834-1-G) issued by MetLife to Goldman, Sachs & Co. provides for the right of a Plan Participant to designate his or her Beneficiary, and states that benefits will be paid to the Beneficiary. A true and correct copy of the Certificate of Insurance is attached as Exhibit A.

13. The Certificate of Insurance states:

> **Beneficiary**
> You may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to the Policyholder using a form satisfactory to Us. Your Written request to change the Beneficiary must be sent to the Policyholder within 30 days of the date You Sign such request.
>
> You do not need the Beneficiary's consent to make a change. When We receive the change, it will take effect as of the date You Signed it. The change will not apply to any payment made in good faith by Us before the change request was recorded.
>
> If two or more Beneficiaries are designated and their shares are not specified, they will share the insurance equally.
>
> If there is no Beneficiary designated or no surviving Beneficiary at Your death, We will determine the Beneficiary according to the following order:
>
> 1. Your Spouse, if alive;
> 2. Your child(ren), if there is no surviving Spouse;
> 3. Your parent(s), if there is no surviving child;

> 4. Your sibling(s), if there is no surviving parent; or
>
> 5. Your estate, if there is no surviving sibling.
>
> Any payment made in good faith will discharge our liability to the extent of such payment.
>
> If a Beneficiary or a payee is a minor or incompetent to receive payment, We will pay that person's guardian.

(Ex. A, Certificate of Insurance, pg. 31).

14. The Certificate of Insurance provides that the Life Insurance rights and benefits under the Plan may be assigned. (Ex. A, Certificate of Insurance, pg. 31).

15. On October 4, 1994, David Kampmann signed an Absolute Assignment to Trustee form in which he assigned, "as a gift, all right, title, interest and incidents of ownership, both present and future, relating to" his basic life insurance under the Plan to Neuma, Inc., 8707 Skokie Blvd., Suite 230, Skokie, IL 60076. The Absolute Assignment to Trustee form contained a section titled "Designation of Trustee(s) as Beneficiary," in which a Corporate Trustee, Comerica Bank - Illinois UTA Dated 9-14-93 ("Comerica Bank – Illinois"), was designated as beneficiary. The Designation of Trustee was signed on October 4, 1994 by Wayne S. Kottka, Vice President, on behalf of Comerica Bank – Illinois. A true and correct copy of the Absolute Assignment to Trustee and Designation of Trustee as Beneficiary is attached as Exhibit B.

16. On or about June 14, 2012, Neuma provided MetLife with a Goldman, Sachs & Co. Group Insurance Beneficiary Form, relating to David Kampmann, dated November 7, 1997 with the month and day crossed out. The form was signed by an individual identified as "President Neuma Inc." and designated "Silver, Larry Trustee Trust 2128 Dated 10-1-97" as the primary beneficiary of David Kampmann's basic life insurance and stated:

> In accordance with the provisions of the group insurance policies, I hereby designate the above beneficiary(ies). This designation revokes any previous designation and I reserve the right to change the beneficiary at any time.

The relationship was identified as "Business" and the designation was stated "To Be Irrevocable." A true and correct copy of the Goldman, Sachs & Co. Group Insurance Beneficiary Form is attached as Exhibit C.

17. Neuma provided MetLife with a Memorandum from Goldman, Sachs & Co. to David Kampmann dated February 18, 1998, "RE: Confirmation of Insurance Beneficiaries," stating that pursuant to the Group Insurance Beneficiary Form, the 100% primary beneficiary of David Kampmann's basic life insurance coverage was Larry Silver – Trustee/Irrevocable Trust. A true and correct copy of the February 18, 1998 Memorandum is attached as Exhibit D.

18. On April 22, 2010, Neuma signed a Change of Beneficiary by Policy Owner form in which Neuma designated SLSF Escrow Services, LLC, 8707 N. Skokie Blvd., Suite 400, Skokie, Illinois 60077 as the Revocable Beneficiary of 100% of David Kampmann's basic life insurance coverage under the Plan. A true and correct copy of the Change of Beneficiary by Policy Owner form is attached as Exhibit E.

19. David Kampmann died on January 17, 2012. A copy of David Kampmann's Certificate of Death is attached as Exhibit F. As a result of David Kampmann's death, benefits for David Kampmann's basic life insurance coverage under the Plan in the amount of $85,721 ("Proceeds") became payable to the proper beneficiary or beneficiaries. See Employer's Statement dated June 4, 2012, attached as Exhibit G.

20. Trust 2128 has not filed a death claim regarding the Proceeds of David Kampmann's life insurance coverage under the Plan, either through Larry Silver as Trustee or through a successor Trustee for Trust 2128.

21. Larry Silver's death certificate has been provided by Neuma to MetLife. The death certificate states Mr. Silver died on January 20, 2006. A true and correct copy of the death certificate for Larry Silver provided to MetLife is attached as Exhibit H.

22. Neuma claims that it is entitled to the Proceeds of David Kampmann's basic life insurance coverage under the Plan pursuant to a viatical or life settlement arrangement. By letter dated June 20, 2012, Neuma stated to MetLife:

> Larry Silver died in January 2006 and some of his partners chose to assume his escrow responsibilities by forming the limited liability entity SLSF Escrow Services, L.L.C. The attached 11 page document, "Successor Escrow Agreement" explains in detail the transfer of Larry Silver's escrow responsibilities to SLSF Escrow Services, L.L.C.
>
> In addition, the word "trust" found in the original beneficiary statement, was intended to represent Neuma's escrow purchase. Neuma is a Viatical Settlement Company and internally characterized its investment holdings as "trusts". However "account" should have replaced the term "trust" in this instance as no legal trusts were ever formed based on the usage of "trust" in this context.
>
> Please continue to process our claim and forward the policy proceeds to Neuma's address of record …

A true and correct copy of the June 20, 2012 letter is attached as Exhibit I.

23. By letter dated October 17, 2012, Neuma demanded payment of the Proceeds and stated, "It is undisputed that Neuma is entitled to the Proceeds of the Policy upon Mr. Kampmann's death pursuant to the Assignment [dated October 4, 1994]." A true and correct copy of the October 17, 2012 letter is attached as Exhibit J.

24. Neither Neuma nor SLSF Escrow Services has provided MetLife with documentation establishing any trust document or life settlement agreement relating to David Kampmann's life insurance coverage under the Plan.

25. No other claims have been submitted regarding David Kampmann's death.

26. As noted above, the Certificate of Insurance provides that if there is no beneficiary designated or no surviving beneficiary at the participant's death, MetLife will determine the beneficiary according to the following order: the participant's Spouse, children, parents, siblings, and estate. On information and belief, David Kampmann had no spouse or children and an estate has not been opened.

27. In light of the conflicting documentation and adverse claims, MetLife cannot determine whether the Proceeds are payable to SLSF Escrow Services, Neuma, or others without assuming the responsibility of deciding doubtful questions of fact and law and without the risk of being subject to costs and expenses in defending itself in a multiplicity of suits or the possibility of multiple payment of the amount due. MetLife thus cannot pay the Proceeds without subjecting itself to multiple liabilities.

28. MetLife makes no claim to benefits under the Plan other than payment of its reasonable attorney's fees, costs and disbursements in connection with this action. MetLife is, therefore, a mere stakeholder and accordingly, the monies comprising the Proceeds may be deposited with the Clerk of the Court or other Court ordered escrow representative.

29. MetLife stands ready to pay the Proceeds to the Clerk of the Court or other Court ordered escrow representative.

WHEREFORE, MetLife requests entry of judgment for the following relief:

(i) Permitting MetLife to pay the Proceeds into the registry of the Court;

(ii) Requiring the Defendants to litigate or settle and adjust among themselves their respective rights to the Proceeds, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Proceeds should be paid;

(iii) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting, initiating or prosecuting any action or proceeding against MetLife, Goldman, Sachs & Co., or the Plan in any state or federal court or administrative tribunal for the recovery of or affecting the Proceeds or any part thereof;

(iv) Dismissing MetLife with prejudice from this case and discharging MetLife, Goldman, Sachs & Co., and the Plan from any further liability with respect to David Kampmann's coverage under the Plan;

(v) Awarding MetLife its costs and attorney's fees; and

(vi) Awarding MetLife such other and further relief as this Court deems just and proper.

Respectfully submitted,

Warren von Schleicher (IL-6197189)  By: /s/ Warren von Schleicher
Jacqueline J. Herring (IL-6282246)       Attorney for Plaintiff,
SMITH | VON SCHLEICHER + ASSOCIATES      Metropolitan Life Insurance Company
180 North LaSalle St. Suite 3130
Chicago, Illinois 60601
P  312-541-0300
F  312-541-0933
warren.vonschleicher@svs-law.com
jackie.herring@svs-law.com